IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL TAFOYA,

        Plaintiff,                  No. CIV S-07-1598 GEB KJM P

    vs.

ED PRIETO, et al.,

        Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

1

1    A court may deny leave to proceed in forma pauperis if it appears from the face of
2 the proposed complaint that the action is frivolous. Minetti v. Port of Seattle, 152 F.3d 1113 (9th
3 Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the
4 complaint's factual allegations and dismiss those claims whose factual contentions are clearly
5 baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).
6    Plaintiff alleges that when he was taken to an outside hospital, he asked jail
7 officials if he could take his personal property, items purchased at the commissary, with him.
8 They declined. When he returned to jail three days later, $261 worth of commissary items was
9 missing, yet defendants have neither reimbursed him nor replaced the missing property.
10   Neither the negligent nor intentional deprivation of property states a due process
11 claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451
12 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part
13 on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S.
14 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate
15 state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
16 sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). California
17 law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813,
18 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's complaint thus fails to
19 state a cognizable claim under the civil rights act.
20   IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in
21 forma pauperis be denied and this action be dismissed.
22 /////
23 /////
24 /////
25 /////
26 /////

2

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).

8  DATED:  December 5, 2007.

_____
U.S. MAGISTRATE JUDGE

2
tafo1598.56